UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Damon Chappelle- Movant
aka Kevin Jessup

v.

Case No. 02-32-01

United States of America
Respondent

FILED
FEB 25 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

RECEIVED
FEB 25 2008

**Motion Requesting The Modification Of Term Of Imprisonment Pursuant To 18 U.S.C 3582 (c) (2) and section 3553(a).**

Now comes Damon Chappelle, Pro Se, seeking relief from this Honorable Court, pursuant to 18 U.S.C section 3582(c) (2) and section 3553 (a) to modify term of imprisonment. Additionally, Defendant moves this court to accept this Motion pursuant to Haines v. Kerner, 404 U.S. 519, 30 L. Ed 2d 652, 92 S.Ct.592 (1972) Holding that Pro Se litigants are held to less stringent standards than lawyers.

In support of this Motion, Defendant will show the following:

### JURISDICTION

This Honorable Court has jurisdiction under this statue
18 U.S.C section 3582 (c)(2) which reads: In case of a Defendant who has been sentenced to a term of imprisonment based on the sentencing range that has subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. 994 (O), upon Motion of the Defendant or Director of the Bureau of Prisons, or on it's own Motion, the court may reduce the term of imprisonment after considering the

factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the sentencing commission.

## STATEMENT OF FACTS

Defendant was found guilty on counts 841 (a)(1) and 860 (a) charging that the Defendant had committed violations of 21 U.S.C. 841 Possesion with Intent to Distribute "crack" cocaine, and violation of 21 U.S.C. 860 Possesion with Intent to Distribute "crack" cocaine 1,000 ft. within a school. According to the Offense Conduct section, the Defendant's criminal activity involved the possesion with intent to distribute at least 3 grams, but less than 4 grams, specifically 3.7369 grams of "crack" cocaine.

At the time of sentencing Defendant was placed in criminal history category "4". The applicable base offense level for the above counts was base offense level "26".

Since the time of petitioners sentence the guidelines have been Amended to where the petitioner should now be in category "4" and have a base offense level of "24".

## ARGUMENT

In United States v. Coleman, W.D.M.D. 1997, 958 f.Supp.452, it was held that, "Life Sentence in drug cases, that was mandated by earlier sentence guideline, was subjeccted to modification." Also See : United States v. Armstrong, C.A. 11(ALA) 2003, 347 f.3d 905, where it was held that; "for a sentence to be reduced retroactively under statutory subsection providing for modification of an imposed term of imprisonment, a court must determine whether, there has been an Amendment to the sentencing guidelines that lowered the guidelines applicable to that sentence, and listed under guideline policy statement regarding reduction in the

term of imprisonment as a result of the Amended guideline range.

In this instant matter, the language of the sentencing commission's Amendment was made clear in the new provision that reduces base offense levels for "crack" cocaine base by two levels.

Defendant was sentenced under 21 U.S.C. 860 and 841 Possesion with intent to Distribute "crack" cocaine base, and Defendant was sentenced to 95 months after being placed in the range of 92-115 months. As such, under the new Amendment of the sentencing commission, Defendant's sentence should be modified to the base offense level of "24" placing Defendant in the sentencing range of 77-96 months.

Under United States v. Booker, this District Court has the discretion to re-sentence Defendant under the new sentencing commission's guidelines which stipulates that the Crack Laws have been changed and made retroactive subsequent to November 1, 2007.

Therefore, the District Court should use it's authority to resentence Defendant based on the Amendment showing the guidelines of "crack" cocaine base being lowered. It would be fair, based on the foregoing in the intrest of the prevailing change in "Crack Laws", to reduce Defendant's term of imprisonment, considering the factors set forth in section 3553(a).

Defendant declares under penalty of perjury that the foregoing is true and correct.

Date: 2/20/08

Respectfully submitted,

*Damon Chappelle*

Damon Chappelle
aka
Kevin Jessup
P.O. Box 300 (unit-B1)
WayMart, Pa. 18472